# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ] | |
| Plaintiff, ] | **Civil Action No.** |
| v. ] | |
| **RYAN'S FAMILY STEAK HOUSES, INC.,** ] | **COMPLAINT** |
| Defendant. ] | |
| ] | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Matthew T. Rainey, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Defendant discriminated against Matthew T. Rainey because of his race, black, specifically by subjecting him to a racially hostile work environment when hangman's nooses were displayed by the Defendant's restaurant manager at its Jasper, Alabama facility. The Commission further alleges that, Defendant retaliated against

1

Matthew T. Rainey by discharging him after he complained of nooses in the work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703, 704(a), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-3(a), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The unlawful employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Jasper Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, Ryan's Family Steak Houses, Inc. ("Ryan's" or the "Employer"), has continuously been doing business in the State of Alabama and the city of Jasper, and has continuously had at least 15 employees.

5. At all relevant times, the Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Matthew T. Rainey filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 8, 2003, Defendant has engaged in unlawful employment practices at its Jasper, Alabama, facility in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a). These unlawful practices include, but are not limited to, the following:

(a) In September 2002, Defendant employed Matthew T. Rainey at its Jasper, Alabama facility as Display Team Leader.

(b) At all relevant times, Mr. Rainey was supervised by Douglas Throop, the Store Manager.

(c) On or about December 2002, Mr. Rainey and a white co-worker, Christy Beasley, began a dating relationship.

(d)     Sometime in late December or January 2003, Manager Throop became aware that Christy Beasley and Matthew Rainey were dating and Throop advised several workers under his supervision and explicitly told Christy Beasley that he did not like interracial dating.

(e)     Thereafter, Throop began to treat Mr. Rainey differently from Defendant's White employees.

(f)     Sometime in October 2003, Throop displayed a hangman's noose in several places throughout the work environment.

(g)     When Mr. Rainey saw the noose, he immediately complained to Throop indicating that the noose offended him. Throop's response to Mr. Rainey's complaint about the noose was something to the effect of, " keep giving me attitude. I'll use it on you." Mr. Rainey also complained to an Area Supervisor and no action was taken.

(h)     On or about November 8, 2003, while Mr. Rainey was off-duty, he visited Defendant's Jasper, Alabama restaurant and observed that the noose was again being displayed by Throop. When Mr. Rainey saw the noose he went home.

(i)     Upon returning for work later on November 8, 2003, Mr. Rainey immediately complained to Throop about the noose he had observed hanging.

(j)     Throop responded to Rainey asking, "What is the problem with your attitude?" To which Mr. Rainey indicated that the noose was offensive and not a

funny gesture. Mr. Rainey further advised Throop that he had created an unhealthy work environment by hanging a noose in the work environment.

(k) Mr. Rainey then asked Throop to limit his conversations with him to matters related to his job.

(l) Throop immediately responded to Mr. Rainey by stating that he was fired.

8. Defendant, through its manager, discharged Matthew T. Rainey because he objected to a racially hostile work environment.

9. The effect of the practices complained of in paragraphs 7(a) through (l) and paragraph 8 above have been to deprive Matthew T. Rainey of equal employment opportunities and otherwise adversely affected his status as an employee, because of his race, black. Matthew T. Rainey was further subjected to retaliation because he engaged in protected activity by opposing employment practices he believed to be discriminatory, in violation of Title VII.

10. The unlawful employment practices complained of in paragraphs 7(a) through (l), 8, and 9 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7(a) through (l), 8, and 9 above were done with malice or with reckless indifference to the federally protected rights of Matthew T. Rainey.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race and retaliation.

B.   Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all of its employees regardless of race, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals, which eradicate the effects of its past and present unlawful employment practices.

D.   Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability, imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure

compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order the Defendant to make whole Matthew T. Rainey by providing appropriate relief in amounts to be determined at trial, including but not limited to, back pay with prejudgment interest, front pay, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Matthew T. Rainey by providing him with compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) through (l), 8, and 9 above, including pain and suffering, emotional distress, humiliation, isolation, depression, and loss of enjoyment of life, in amounts to be determined at trial.

H. Order Defendant Employer to pay Matthew T. Rainey punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (l), 8, and 9 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted,
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY
>    COMMISSION
>1801 "L" Street, N.W.
>Washington, DC 20507

s/ Jacqueline H. McNair
JACQUELINE H. MCNAIR
Acting Regional Attorney
Pennsylvania State Bar ID #42332


s/ Mildred Byrd
MILDRED BYRD
Supervisory Trial Attorney
Louisiana State Bar ID #03741


s/ Mason D. Barrett
MASON D. BARRETT
Senior Trial Attorney
Colorado State Bar ID #21309

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205-2886
Telephone: (205) 212-2047
Facsimile: (205) 212-2041